UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JUAN ANDRES RODRIGUEZ and all others )
similarly situated under 29 U.S.C. 216(b), )
)
              Plaintiff, )
  vs. )
)
GOLD STAR, INC., )
FIRST CLASS PARKING SERVICES, )
CORP., )
FIRST CLASS PARKING SYSTEMS LLC, )
SEBASTIAN LOPEZ, )
JORGE ZULUAGA, )
)
              Defendants. )
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS

Plaintiff, JUAN ANDRES RODRIGUEZ on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, GOLD STAR, INC., FIRST CLASS PARKING SERVICES, CORP., FIRST CLASS PARKING SYSTEMS LLC, SEBASTIAN LOPEZ, and JORGE ZULUAGA, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant GOLD STAR, INC., is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant FIRST CLASS PARKING SERVICES, CORP., is a corporation that

regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for the relevant time period.

5. The Defendant FIRST CLASS PARKING SYSTEMS LLC, is a limited liability company that regularly transacts business within Dade County. Upon information and belief, the Defendant Company was the joint FLSA employer for the relevant time period.

6. The individual Defendant SEBASTIAN LOPEZ is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

7. The individual Defendant JORGE ZULUAGA is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

8. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

9. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to

> The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

11. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

12. Plaintiff worked for Defendants as a valet parker/runner from on or about April 1, 2012 through November 15, 2014.

13. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

14. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

15. Upon information and belief, the Defendant Corporations had gross sales or business done in excess of $500,000 annually for the years 2011, 2012, and 2013.

16. Upon information and belief, the Defendant Corporations gross sales or business done is

expected to exceed $500,000 for the year 2014.

17. Upon information and belief, Defendants, GOLD STAR, INC., FIRST CLASS PARKING SERVICES, CORP., FIRST CLASS PARKING SYSTEMS LLC, are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose.

18. Upon information and belief, Defendants, GOLD STAR, INC., FIRST CLASS PARKING SERVICES, CORP., FIRST CLASS PARKING SYSTEMS LLC, were the Plaintiff's joint employers during Plaintiff's employment with the Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same corporate officers for a common business purpose.

19. Individual Defendant SEBASTIAN LOPEZ was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

20. Individual Defendant JORGE ZULUAGA was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

21. Between the period of on or about April 1, 2012 through November 15, 2014, Plaintiff worked an average of 100 hours a week for Defendants and was paid an average of $7.90 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

22. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair

Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                          Respectfully Submitted,

                                          J.H. Zidell, Esq.
                                          J.H. Zidell, P.A.
                                          Attorney For Plaintiff
                                          300 71st Street, Suite 605
                                          Miami Beach, Florida 33141
                                          Tel: (305) 865-6766
                                          Fax: (305) 865-7167
                                          Email: ZABOGADO@AOL.COM

                                          By:__/s/ J.H. Zidell_____
                                              J.H. Zidell, Esq.
                                              Florida Bar Number: 0010121