UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-20902-CIV-UNGARO/OTAZO-REYES

JUAN ANDRES RODRIGUEZ and all others
similarly situated under 29 U.S.C. 216(b),

      Plaintiff,

vs.

GOLD STAR INC., FIRST CLASS PARKING
SYSTEMS CORP., FIRST CLASS PARKING
SYSTEMS LLC, SEBASTIAN LOPEZ, and
JORGE ZULUAGA

      Defendants.

_____/

## ANSWER TO COMPLAINT

By and through undersigned counsel Defendants Gold Star, Inc, First Class Parking

Systems Corp., First Class Parking Systems, LLC, Sebastian Lopez, and Jorge Zuluaga

("Defendants"), file their answer and affirmative defenses and state the following:

1. Admit.

2. Unknown, therefore, Denied.

3. Admit Gold Star, Inc. is a dissolved Florida corporation that transacted business in Miami-

   Dade and Broward counties, Deny that Gold Star, Inc. was the employer or joint employer of

   Plaintiff.

4. Admit First Class Parking Services, Corp. is a Florida corporation that trans acts business in

   Miami-Dade and Broward counties, Deny that First Class Parking Services, Corp. was the

   employer or joint employer of Plaintiff.

1

5. Admit First Class Parking Systems LLC is a Florida company that transacts business in Miami-Dade and Broward counties; Deny First Class Parking Systems LLC was Plaintiff's "joint FLSA employer."

6. Deny.

7. Deny.

8. Admit.

9. Admit Plaintiff alleges this action is brought as a collective action, Deny Plaintiff is similarly situated to any other employees or that Plaintiff is due any back wages.

10. Deny.

11. Paragraph 11 is a statement of the law and no response is necessary.

12. Admit Plaintiff worked as a valet parker from April 1, 2012 through November 15, 2014, Deny Plaintiff worked for "Defendants."

13. Deny.

14. Deny.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny

21. Deny.

22. Deny.

2

## AFFIRMATIVE DEFENSES

1.  Plaintiff's Amended Complaint fails to state the claim for which relief may be granted because Defendant's business First Class Parking Systems LLC did not engaged in interstate commerce or in the production of goods for interstate commerce.

2.  Plaintiff's Amended Complaint fails to state the claim for which relief may be granted because Plaintiff did not directly participate in the actual movement of persons or things in interstate commerce.

3.  Plaintiff's Amended Complaint fails to state the claim for which relief may be granted because Defendant's business First Class Parking Systems LLC revenues for the subject years did not exceed $500,000.

4.  Defendant Sebastian Lopez was not Plaintiff's "employer" as per the FLSA.

5.  Defendant Jorge Zuluaga was not Plaintiff's "employer" as per the FLSA.

6.  Defendant Gold Star, Inc. was not Plaintiff's "employer" as per the FLSA.

7.  Defendant First Class Parking Services, Corp. was not Plaintiff's "employer" as per the FLSA.

8.  At all material times, Defendant(s) paid Plaintiffs and purported FLSA collective members all sums of money to which they were entitled.

9.  Some or all of the Plaintiffs and purported FLSA class members' hours did not exceed the maximum hours under the FLSA.

10. Some or all of the claims in the Amended Complaint may be subjected to the *de minimus* rule, 29 CFR §785.47, because they involve insignificant amounts of overtime.

3

11. At all times material hereto Plaintiff was paid an amount in excess of the applicable minimum wage because he was a tipped employee.

12. Plaintiffs' claims are barred, in whole or in part, by the applicable Statute of Limitations.

13. In the event a violation occurred, which Defendant(s) deny, Defendants' actions were at all times taken in good faith and were neither willful nor reckless. Plaintiff is therefore not entitled to liquidated or other damages.

14. Plaintiff has been fully paid in conformity with the applicable provisions of the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et seq.

15. Defendant(s) reserve the right to add to and or amend its affirmative defenses pursuant to court approval.

**WHEREFORE**, Defendant(s) pray as follows:

    a.  That Plaintiff recovers nothing by way of this action.

    b.  That Defendant(s) be awarded their taxable costs of suit incurred herein; and

    c.  Such other relief as the Court may deem just and proper.

Respectfully Submitted March 31, 2015,

      /s Lowell J. Kuvin
Lowell J. Kuvin, Esq.
Bar No.: 53072
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
lowell@kuvinlaw.com

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

### RODRIGUEZ, et al. v. FIRST CLASS PARKING SYSTEMS LLC, et al.
### CASE #: 14-24377-CIV-UNGARO/OTAZO-REYES

### Service List

**Lowell J. Kuvin, Esq.**
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
Primary Email: lowell@kuvinlaw.com
Secondary Email: esther@kuvinlaw.com
*Attorney for Defendants*

**J.H. Zidell**
*J.H. Zidell, P.A.*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: 305.865.6766
Fax: 305.865.7167
Email: ZAbogado@aol.com
*Attorney for Plaintiff*

5