UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-20902-UU

JUAN ANDRES RODRIGUEZ and all others )
similarly situated under 29 U.S.C. 216(b), )
                                         Plaintiff, )
    vs. )
 
GOLD STAR, INC.; FIRST CLASS )
PARKING SERVICES, CORP.; FIRST )
CLASS PARKING SYSTEMS LLC; )
SEBASTIAN LOPEZ; JORGE ZULUAGA )
 
                                Defendants. )
_____ )

**RESPONSE TO ORDER TO SHOW CAUSE**

Come Now Plaintiff JUAN ANDRES RODRIGUEZ, by and through undersigned counsel, and hereby files their response to the Order to Show Cause [DE 15], and in support thereof states as follows:

1.     After coordinating and setting the mediation, plaintiff received an email from opposing counsel's office advising that the Defendants are in need of resetting the mediation because opposing counsel was scheduled to be out of the state around the time the mediation has been set   Upon which time, I advised them that we need to go see the judge to get leave since the Notice of Mediation was filed.

2.     Plaintiff was ready, willing and able to proceed forthwith at the scheduled mediation, if it had not been for opposing counsel's wanting to reschedule said mediation.  In fact, the undersigned was somewhat was hesitant, because of the previously noticed mediation, however, trying to work in the spirit of agreeing.

3. Said mediation never transpired and never went forward because of Defendants' scheduling conflict.

4. The parties have discussed, though mediating with Aleen Nicholson, Esquire of Florida Mediation Group and have begun coordinating dates for early September, 2015. It is the belief that the parties had until November 2, 2015, to complete mediation.

**MEMORANDUM OF LAW**

**I.   GOOD CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO FOLLOW COURT ORDERS**

While Federal Rule 41(b) authorizes courts to dismiss cases for lack of prosecution, involuntary dismissal is a drastic remedy to which a court may resort only in extreme circumstances." *Silas v. Sears, Roebuck & Co., Inc*. 586 F.2d 382 (5th Cir. 1978). In fact, only where there is a "clear record of delay or contumacious conduct by the plaintiff's is an involuntary dismissal appropriate. *Durham v. Florida East Coast R. R. Co*., 385 F.2d 366, 368 (5th Cir. 1976).

In the present case, the record is of whether plaintiff's failure to cooperate as a result of willfullness, bad faith or fault by Plaintiffs to warrant the grave sanction of involuntary dismissal is missing. Jones v. Graham 709 F.2d 1457 (11th Cir. 1983)  Rather, Plaintiff has been steadfast in their attempts to prosecute this case and work within the rules of professionalism, etc.  Had it not been fore Defendants wanting to reschedule because of being outside of Florida, Plaintiff would not be in this position of having to respond to this order to show cause because the mediation would have gone forward and there would have been a report filed.

Defendants, through counsel, were present when the dates for mediation were coordinated and agreed on said date and time. Because defendants knew about this Court's ordered mediation, plaintiff should not be sanctioned, particularly when it was suggested that the court needs to be approached. An aphorism, "nice guys finish last".

In light of the foregoing, Plaintiffs respectfully requests that the Court not dismiss the action. To the extent that the Court has remaining concerns about the Plaintiffs efforts to prosecute this matter, Plaintiffs respectfully requests that the Court schedule a Status Conference.

Dated: August 24, 2015

/s/Steven C. Fraser__
Steven C. Fraser, Esq.
Fla. Bar No. 625825
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167
Email: steven.fraser.esq@gmail.com

CERTIFICATE OF SERVICE

      I hereby certify that on August 24, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

                                  __/s/Steven C. Fraser__
                                  Steven C. Fraser, Esq.
                                  Fla. Bar No. 625825
                                  J.H. Zidell, P.A.
                                  Attorney for Plaintiff
                                  300 71st Street #605
                                  Miami Beach, Florida 33141
                                  Tel: (305) 865-6766
                                  Fax: (305) 865 – 7167
                                  Email: steven.fraser.esq@gmail.com

**SERVICE LIST**

Via cm/ECF
Lowell J. Kuvin, Esquire
Law Office of Lowell J. Kuvin
17 East Flagler Street, Sutie 223
Miami, Florida 33131
Lowell@kuvinlaw.com