UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-20902-UU

JUAN ANDRES RODRIGUEZ,

    Plaintiff,

v.

GOLD STAR, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' First Motion to Amend Answer and Affirmative Defenses.  D.E. 24.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

Plaintiff filed suit on March 4, 2015.  D.E. 1.  On March 31, 2015, Defendants filed their Answer and Affirmative Defenses.  D.E. 9.  On May 14, 2015, the Court issued a Trial Order, setting a deadline of June 19, 2015 for amended pleadings.  D.E. 13.  On September 1, 2015, Defendants filed their Motion, seeking to amend their answer and affirmative defenses "in an abundance of caution" and to add an additional affirmative defense to conform to newly obtained evidence.  D.E. 24.

District courts are required to enter orders limiting the time within which litigants may add parties and amend pleadings, and such orders may be modified only "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot 'be set despite the diligence of the party seeking the extension.'").  Furthermore, "[a]

district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion." *Sosa*, 133 F.3d at 1418 (citing *Santiago v. Lykes Bros. Steamship Co.*, 986 F.2d 423, 427 (11th Cir. 1993)).

Here, Defendants move to amend their Answer and Affirmative Defenses (D.E. 12) "in an abundance of caution" and to conform with newly discovered evidence obtained at Plaintiff's deposition. However, Defendants do not provide reasoning to establish that it has acted with diligence in attempting to amend its pleadings <u>before</u> the amendment deadline or within some reasonable time thereafter. Defendants' reasoning attempts to elaborate on how they acted with diligence <u>after</u> the amendment deadline, which is not relevant to the Court's inquiry. For months, the parties had been aware of the scheduling deadlines. As such, Defendants do not adequately justify their filing the instant motion almost three months after that amendment deadline. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendants' First Motion to Amend Answer and Affirmative Defenses (D.E. 24), is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 2d day of September, 2015.

*[signature]*
_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf