UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-20902-UU

JUAN ANDRES RODRIGUEZ,

    Plaintiff,

v.

GOLD STAR, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Renewed First Motion to Amend Answer and Affirmative Defenses.  D.E. 27.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

Plaintiff filed suit on March 4, 2015.  D.E. 1.  On March 31, 2015, Defendants filed their Answer and Affirmative Defenses.  D.E. 9.  On May 14, 2015, the Court issued a Trial Order, setting a deadline of June 19, 2015 for amended pleadings.  D.E. 13.  On September 1, 2015, Defendants filed their Motion, seeking to amend their answer and affirmative defenses "in an abundance of caution" and to add an additional affirmative defense to conform to newly obtained evidence.  D.E. 24.  On September 2, 2015, the Court denied Defendants' First Motion to Amend Answer and Affirmative Defenses, on the grounds that Defendants failed to demonstrate that it acted with diligence in attempting to amend its pleadings before the amendment deadline or within some reasonable time after.  D.E. 25.  On September 17, 2015, Defendants filed their

Renewed First Motion to Amend Answer and Affirmative Defenses, re-raising the same arguments that were previously rejected by this Court. D.E. 27.

District courts are required to enter orders limiting the time within which litigants may add parties and amend pleadings, and such orders may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot 'be set despite the diligence of the party seeking the extension.'"). Furthermore, "[a] district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion." *Sosa*, 133 F.3d at 1418 (citing *Santiago v. Lykes Bros. Steamship Co.*, 986 F.2d 423, 427 (11th Cir. 1993)).

Here, Defendants re-raise the arguments in their previously-denied Motion to Amend their Answer and Affirmative Defenses. To be perfectly clear, the deadline to add parties or amend pleadings was June 19, 2015. The information that Defendants obtained <u>after</u> this deadline is insignificant in determining whether Defendants acted with diligence <u>prior</u> to this deadline. Based upon Defendants' representations, the Court is not convinced that Defendants have met this burden. Defendants contend that the earliest any depositions could be set was July 30; however, the Court finds it difficult, if not impossible, to believe that an individual could not find one single day between March 4, 2015 and June 19, 2015 for a deposition. Notwithstanding this fact, the Court also finds that this attempted amendment would be futile in light of Defendants' Affirmative Defense Number 14. D.E. 9. In their proposed Amended Answer and Affirmative Defenses, Defendants reiterate the same defense, albeit in broader terms. D.E. 27-1. Simply put, under the Rule 15 and Rule 16 standards, the Court does not find that the amending

of Defendants' Answer and Affirmative Defenses is appropriate or necessary.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendants' Renewed First Motion to Amend Answer and Affirmative Defenses (D.E. 27), is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this _18th_ day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf