UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 15-20902-CIV-UNGARO/OTAZO-REYES

JUAN ANDRES RODRIGUEZ and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

GOLD STAR INC., FIRST CLASS PARKING
SYSTEMS CORP., FIRST CLASS PARKING
SYSTEMS LLC, SEBASTIAN LOPEZ, and
JORGE ZULUAGA,

    Defendants.
_____/

## DEFENDANTS' STATEMENT OF MATERIAL FACTS

    Pursuant to Local Rule 56.1, Defendants list the material facts which they contend are uncontroverted in the instant action and state the following:

1. First Class Parking Systems, LLC ("Foirst Class LLC") is a valet parking company. [CR 6].

2. Jorge Zuluaga ("Zuluga") does not handle the day-to-day operations of First Class LLC. [CR 8].

3. Sebastian Lopez ("Lopez") handles the day-to-day operations for First Class LLC. [CR 8-9].

4. Plaintiff worked at Skyline Condominium. [CR 31].

5. Zuluaga does not control the schedule of the workers. [CR 10].

6. Zuluaga does not supervise any of the workers. [CR 10].

7. Zuluaga does not hire or fire the workers. [CR 10].

8. Zuluaga did not fire Plaintiff. [CR 10].

9. Zuluaga was not present at any of the Miami Beach Convention Center events that pertain to when Plaintiff was working. [CR 53].

10. Plaintiff is not aware of who scheduled him to work each week at Skyline. JR 44

11. Plaintiff believes he just took over someone's slot on the schedule at Skyline. JR 44

12. Plaintiff never met with Zuluaga when he worked at Skyline. [JR 45].

13. Plaintiff only visited the First Class LLC office no more than two times throughout his employment. [JR 45].

14. When Plaintiff worked as a runner at Skyline, he did not have a supervisor. [JR 38].

15. Lopez is the director of operations for First Class LLC. [SL 8].

16. Lopez's responsibilities as the Director of Operations is to make sure employees wear their uniforms and pay attention to the schedule. [SL 8].

17. Lopez is responsible for the day-to-day operations. [SL 9].

18. Lopez did not hire or fire Plaintiff. [SL 12, SL 24].

19. Lopez purchases lunch for employees. [SL 16-17].

20. Lopez testified that Plaintiff was paid for all of his hours when he worked at Skyline Condominium and that Plaintiff never complained about not being paid. [SL 43].

21. Lopez testified that Plaintiff was paid for all of the hours he worked for First Class Parking Systems, LLC when he worked at the Miami Beach Convention Center. [SL 43].

22. First Class Parking Systems, LLC uses a golf cart that was purchased in Miami or Hialeah. [CR 54].

23. Gold Star Inc. used to be a parking company. [CR 12].

24. Gold Star Inc. merged into First Class Parking Systems, LLC in 2010 to 2013. [CR. 11-14].

25. Plaintiff worked for First Class Parking Systems, LLC. [JR 46, SL 4].

26. Plaintiff reviewed the Complaint before it was filed and stated in his deposition that all the "facts" are 100% true. [JR 7-8, JR 17].

27. Plaintiff testified that he was working 17 hours or more each day. [JR 15].

28. Plaintiff's job description was a "runner." [JR 25].

29. Plaintiff's duties were only to "get the cars and park them." [JR 25; SL 18].

30. When asked if he had any other responsibilities (other than to "get the cars and park them") while working at First Class Parking Systems, Plaintiff responded "nothing more." [JR 25].

31. When asked "what running and parking cars entails" Plaintiff responded "to get the car, take it to the parking area, park it, leave the keys with the girl, and continue doing that constantly." [JR 25, 26-27].

32. When asked if there were any other responsibilities, Plaintiff responded, "No, none. Only that." [JR 25].

33. Plaintiff did not receive credit card payments for the parking of cars. [JR 25].

34. First Class LLC did not provide Plaintiff with a cell phone. [JR 26].

35. It was never Plaintiff's job to wash cars. [JR 26].

36. There were not any telephones at work. [JR 26].

37. Plaintiff never used a telephone at work to call someone. [JR 26].

38. Plaintiff never gave the driver of the car a ticket when he picked up the car to park it. [JR 26].

39. When Plaintiff worked at Miami Beach Convention Center his job was a runner with the same responsibilities as when he worked as a runner at Skyline. [JR 28].

40. Plaintiff did not keep any records of the number of hours he worked. [JR 29-30].

41. Plaintiff does not have any papers that would help him to remember the number of hours he worked. [JR 30].

42. Plaintiff claims he worked in excess of 17 hours per day sometimes and averaged of a hundred hours per week. [JR 36].

43. There was never a shift that Plaintiff worked for First Class LLC that he was not paid for. [JR 37].

44. Plaintiff always signed in and out of work. [JR 51].

45. Plaintiff was always paid for the events he worked. [JR 52].

Respectfully Submitted November 6, 2015

                              /s/ Lowell J. Kuvin
                              Lowell J. Kuvin
                              Fla. Bar No.:53072
                              lowell@kuvinlaw.com
                              Law Office of Lowell J. Kuvin
                              17 East Flagler St. Suite 223
                              Miami Florida 33131
                              Tele:   305.358.6800
                              Fax:     305.358.6808
                              *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**RODRIGUEZ, et al. v. FIRST CLASS PARKING SYSTEMS LLC, et al.
CASE #: 14-24377-CIV-UNGARO/OTAZO-REYES**

### Service List

| | |
|---|---|
| **Lowell J. Kuvin, Esq.** | **J.H. Zidell** |
| *Law Office of Lowell J. Kuvin* | **Steven Fraser** |
| 17 East Flagler Street, Suite 223 | *J.H. Zidell, P.A.* |
| Miami, Florida 33131 | 300 71st Street, Suite 605 |
| Tel.: 305.358.6800 | Miami Beach, Florida 33141 |
| Fax: 305.358.6808 | Tel: 305.865.6766 |
| Primary Email: lowell@kuvinlaw.com | Fax: 305.865.7167 |
| Secondary Email: esther@kuvinlaw.com | Email: ZAbogado@aol.com |
| *Attorney for Defendants* | *Attorney for Plaintiff* |