UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-20902-AOR

JUAN ANDRES RODRIGUEZ and all others )
similarly situated under 29 U.S.C. 216(b),   )
                                             )
            Plaintiff,                       )
     vs.                                     )
                                             )
GOLD STAR, INC.; FIRST CLASS                 )
PARKING SERVICES, CORP.; FIRST CLASS )
PARKING SYSTEMS LLC; SEBASTIAN               )
LOPEZ; JORGE ZULUAGA                         )
                                             )
            Defendants.                      )
_____      )

**REPLY IN RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Comes Now Plaintiff, by and through undersigned counsel and hereby replies to Defendants' opposition [DE 52] to Plaintiff's Summary Judgment motion [DE 41], and states as follows:

MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION

Plaintiff in his motion for Summary Judgment on three points which Defendants addressed:

1) Plaintiff asserts FLSA coverage through "enterprise" coverage exists, but Defendants argue there is no interstate commerce;

2) Plaintiff asserts that Sebastian Lopez and Jorge Zuluaga are liable under the FLSA, but Defendants argue that this is factually incorrect; and

3) Plaintiff asserts that there is some liability; but Defendants argue that because the companies are not covered by the FLSA, there is no liability.

Plaintiff in this Reply addresses these arguments.

1) The undisputed facts show that Defendants were in the business of parking cars, which is interstate commerce. Further, the cars were parked for the benefit of a convention center, which is inherently interstate commerce.

2) The legal standard for liability is greater than what Defendants allege, and under the correct legal standard, the undisputed facts show that Sebastian Lopez and Jorge Zuluaga are employers or otherwise liable under the FLSA; and

3) Because Defendants are covered by the FLSA, their admission of overtime owed is an admission of liability.

II.  **ARGUMENT**

**1) Interstate Commerce**

The parties do not dispute that Plaintiff parked cars for customers, primarily condominiums, a theater, and the convention center. These indisputable facts point towards interstate commerce sufficient to pass the interstate commerce threshold.

As established in Plaintiff's Motion for Summary Judgment, interstate commerce is not something that should be a huge hurdle. Precedent establishes that almost all companies that make over $500,000 a year are covered and the statute should be interpreted broadly and remedially for the benefit of the employee. With this lens, the facts show that coverage is established.

First, a valet company as a class of business is likely covered by the FLSA, just for being a valet. The nature of the job is commerce services involving automobiles – objects which are not only products of interstate commerce, but *instrumentalities* of interstate commerce. As described in Plaintiff's Opposition to Summary Judgment, outside of dicta, there does not seem to be a court that has addressed valets – litigants stipulate to coverage before it comes to judicial scrutiny. Gulden v. Menages, Inc., No. 3:14-CV-1041, 2014 WL 4232791, n6 (M.D. Tenn. Aug. 25, 2014). The facts of how valet companies work, however, should reveal that the very nature of the job is interstate commerce, or at the very least, services regarding the instrumentalities of interstate commerce pursuant to 29 C.F.R. § 776.11.

While the facts cited to by Plaintiff should be sufficient to establish the necessary grounds of interstate commerce, Plaintiff additionally moves for this Court to make judicial notice[1] of other facts, in the abundance of caution. "A court may take judicial notice of appropriate adjudicative facts at any stage in a proceeding, including at the summary judgment stage. While a court has wide discretion to take judicial notice of facts, *see* Fed.R.Evid. 201(c), the 'taking of judicial notice of facts is, as a matter of evidence law, a highly limited process.'" Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC, 369 F.3d 1197, 1204-05 (11th Cir. 2004). It should be widely known and indisputable that no cars are manufactured in Florida,[2] and that cars are widely used by people to travel interstate. Further, convention centers cater to and facilitate interstate commerce by their very nature.[3] The very purpose of convention centers is to bring together people from all over the world in commerce. A valet helping a visitor to the convention center park their car is to help individuals from outside of Florida participate in interstate commerce.

2) **Employer/Individual Liability**

Defendants attack several facts to make it appear as if Lopez and Zuluaga are not individuals liable under the FLSA. However, these facts even if disputed do not remove Lopez and Zuluaga from the employer umbrella, as that umbrella is larger than Defendants give it credit.

---

[1] (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
   (1) is generally known within the trial court's territorial jurisdiction; or
   (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
(c) Taking Notice. The court:
   (1) may take judicial notice on its own; or
   (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
(d) Timing. The court may take judicial notice at any stage of the proceeding.
Fed. R. Evid. 201.
[2] https://en.wikipedia.org/wiki/List_of_automobiles_manufactured_in_the_United_States.
[3] http://www.miamibeachconvention.com/.

11th Cicuit precedent establishes that the threshold for being liable under the FLSA is not strict. "[T]he FLSA contemplates at least some individual liability, and it is consistent with Congress's intent to impose liability upon those who 'control[ ] a corporation's financial affairs and can cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA.'" Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1313 (11th Cir. 2013). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Patel v. Wargo, 803 F.2d 632,637–38 (11th Cir.1986).

Defendants' Opposition tellingly has a section titled, "Who was Plaintiff's Employer?" If the employer was not Sebastian Lopez or Jorge Zuluaga, then who was it? It is, of course, not Defendants' duty to make Plaintiff's case for him against some other third party. However, Defendants are a company that has individuals within it that are certainly Plaintiff's employer. It is impossible for no one to be the employer or individually liable under the FLSA. If, hypothetically, Defendants were right, and Lopez and Zuluaga were not Plaintiff's employers or liable parties under the FLSA, then who is? Defendants have not stated who this mystery person is. Defendants would have this knowledge, but have chosen not to express it. All Defendants have done in their Opposition is to use self serving statements to try to attack aspects of Plaintiff's claims that these individuals are the employers.

Plaintiff asserts that, to defeat a sufficient summary judgment motion an employer that has knowledge of a "true" employer, then self serving testimony should not be considered as creating a material issue of fact. Thus, Defendants responses should be insufficient to create an issue of fact sufficient to give this Court cause to Deny Plaintiff's summary judgment motion.

3) Liability Admission

Defendants have admitted that there is some unpaid overtime. Their only argument is that they do not have to pay it because they are not covered under the FLSA. If this Court is to find the argument that the FLSA applies is persuasive, then the natural result is for summary judgment on liability to be entered.

### III. CLOSING

Plaintiff has made *a prima facie* case for summary judgment on coverage, employer status, and liability, and Defendants have not sufficiently cited facts which actually create a material issue of fact once applied to the proper standard. Plaintiff's Motion for Summary Judgment should be granted. Respectfully submitted, this 3rd day of December, 2015.

J.H. Zidell, Esq.
J.H. Zidell, P.A.
*Attorney For Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By: /s/ J.H. Zidell
   J.H. Zidell, Esq.
   Florida Bar Number: 0010121

## CERTIFICATE OF SERVICE

      I hereby certify that on December 3, 2015, I electronically filed the foregoing Plaintiff's Reply to Defendants Motion to Compel with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

           J.H. Zidell, Esq.

           J.H. Zidell, P.A.
*Attorney For Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By: /s/ J.H. Zidell
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121

## SERVICE LIST

Lowell J. Kuvin, Esquire
Law Offices of Lowell J. Kuvin
Attorney for Defendants
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel: (305) 358-6800
Fax: (305) 358-6808
Lowell@kuvinlaw.com