UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-20902-CIV-UNGARO/OTAZO-REYES

JUAN ANDRES RODRIGUEZ and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

GOLD STAR INC., FIRST CLASS PARKING
SYSTEMS CORP., FIRST CLASS PARKING
SYSTEMS LLC, SEBASTIAN LOPEZ, and
JORGE ZULUAGA

    Defendants.
_____/

## DEFENDANTS' REPLY TO OPPOSITION TO MOTION *IN LIMINE*

Defendants, Gold Star Inc., First Class Parking Systems Corp., First Class Parking Systems LLC, Sebastian Lopez, and Jorge Zuluaga ("Defendants"), by and through undersigned counsel, hereby file their Reply to the Plaintiff's Response in Opposition [D.E. #65] to Defendants' Motion *in Limine*, and state:

### OVERVIEW

The purpose of a motion *in limine* is to limit the scope of the issues to be tried, limit the evidence to be presented to the jury and to exclude evidence that would confuse the jury or unfairly prejudice a party. The instant Motion does precisely that.

In his Response in Opposition ("Opposition") [D.E. #65], Plaintiff attempts to obfuscate the issue and the purpose of Defendants' instant Motion. Plaintiff argues that Defendants are requesting that <u>all</u> evidence of time records be excluded. That is untrue. Defendants are

1

requesting that the Court "enter an Order limiting the mention of `time cards' and `time records' **other than those records which have been produced by Defendants to Plaintiff**." [D.E. #44, p.1] (emphasis added). Moreover, Plaintiff claims, for the first time, that he has his own records of the hours he worked. This claim is directly contradicted by Plaintiff's deposition testimony where he testified under oath that he did not keep any records of the number of hours he worked. [D.E. #39-3, p.8 at 29-30]. Plaintiff then argues that there are "missing" time records. However, as set forth below, Defendants have produced the time records for Plaintiff. Additionally, the fact that Plaintiff is only seeking payment of half-time wages (and not regular wages) necessarily means that he was paid wages for all hours worked. Significantly, Plaintiff admitted that *there was never a shift he worked for First Class LLC for which he was not paid*. [D.E. #39-3, p.10 at 37; p.13 at 52].

For these reasons, Defendants respectfully request that the Court grant the instant Motion in its entirety.

## ARGUMENT

Defendants' instant Motion seeks to have the Court enter an Order limiting the mention of time cards and time records other than those records which have been produced by the parties.

Defendants served the instant Motion for the following four (4) reasons: (1) Plaintiff is only seeking payment of half-time wages (and not regular wages) which necessarily means that he was paid wages for all hours worked; (2) Plaintiff admitted that *there was never a shift he worked for Defendant, First Class Parking Systems, LLC* ("First Class LLC") *for which he was not paid*. [D.E. #39-3, p.10 at 37; p.13 at 52]; (3) Plaintiff's Motion for Summary Judgment, for the first time, raised the issue that "Defendants failed [to] *sic* maintain accurate and complete time

2

records regarding all hours worked by the Plaintiff . . . ." [D.E. #41, pp.12-13]; and (4) Defendants were concerned that despite Plaintiff's deposition testimony that he had no records of the hours he worked, Plaintiff would produce "records" at the eleventh hour just before trial. Such "records," combined with Plaintiff's admissions that he was paid straight time wages for all of the hours he worked, would necessarily confuse a jury.[1]

After the filing of the instant Motion, Plaintiff submitted an Affidavit in support of his Opposition to Defendants' Motion for Summary Final Judgment [D.E. #51] stating that Defendants failed to keep records of Plaintiff's hours and that some records are "missing":

> I have reviewed the records in response to the request for production. The records I used to sign in and out while working at the Skyline [Condominium] have not been produced. Defendants failed to keep any time records. The records that have been produced are not related to Skyline.

[D.E. #51-1, ¶8]. However, as set forth in the Affidavit of Sebastian Lopez, sworn to on December 10, 2015, Defendants produced a report during discovery showing, on its face, the hours worked by Plaintiff at the Skyline. [D.E, #64-1, ¶¶4-6].

Further, at his deposition, Plaintiff testified under oath that he did not have any records of the hours that he worked:

> Q. **Did you keep any records?**
> A. **About my hours?**
> Q. **Yes.**
> A. **No.**
> Q. Did you work a hundred hours this week, November 14th, 2000 -- I'm sorry, November 9th to the 15th in 2014, did you work a hundred hours this week?
> A. I don't remember.
> Q. **Do you have any papers that would help you remember?**
> A. **No.**

---

[1] . Notably, Plaintiff did **not** file a Statement of Claim in this case.

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

[D.E. #39-3, p.8 at 29-30]. Nevertheless, Plaintiff now claims in his Opposition that, "Testimony by Juan Rodriguez regarding his hours and **how he personally recorded those hours** is relevant." [D.E. #65, p.4](emphasis added). As discovery is closed, the motions for summary judgment are briefed and the parties are preparing for trial, it would certainly be unduly prejudicial to Defendants if Plaintiff is allowed to falsely testify regarding his own records that have suddenly materialized.[2]

Contrary to Plaintiff's arguments, Defendants' instant motion is not a motion for summary judgment is disguise. Defendants' Motion for Summary Final Judgment [D.E. #39] has already been fully briefed and submitted to the Court for determination.

**WHEREFORE**, for the reasons stated above, Defendants respectfully request that the Court grant the instant Motion in its entirety, limit references during trail to "time cards" or "time records" which have already been produced by the parties and grant such oteher and further relief as is just and proper.

*This space intentionally left blank.*

---

[2] If Plaintiff did produce his own suddenly discovered "records" at trial and testify regarding them, Defendants respectfully submit that same would be trial by ambush.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Respectfully submitted December 18, 2015,

/s/ Lowell J. Kuvin

Lowell J. Kuvin
Fla. Bar No.: 53072
Sundeep K. Mullick
Fla. Bar No.: 18175
lowell@kuvinlaw.com
sunny@kuvinlaw.com
Law Office of Lowell J. Kuvin
17 East Flagler St. Suite 223
Miami, Florida 33131
Tel:    305.358.6800
Fax:    305.358.6808
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**RODRIGUEZ, et al. v. FIRST CLASS PARKING SYSTEMS LLC, et al.
CASE #: 14-24377-CIV-UNGARO/OTAZO-REYES**

### Service List

| | |
|---|---|
| **Lowell J. Kuvin, Esq.** | **J.H. Zidell** |
| *Law Office of Lowell J. Kuvin* | **Steven Fraser** |
| 17 East Flagler Street, Suite 223 | *J.H. Zidell, P.A.* |
| Miami, Florida 33131 | 300 71st Street, Suite 605 |
| Tel.: 305.358.6800 | Miami Beach, Florida 33141 |
| Fax: 305.358.6808 | Tel: 305.865.6766 |
| Primary Email: lowell@kuvinlaw.com | Fax: 305.865.7167 |
| Secondary Email: esther@kuvinlaw.com | Email: ZAbogado@aol.com |
| *Attorney for Defendants* | *Attorney for Plaintiff* |

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808