UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-20902-UU

JUAN ANDRES RODRIGUEZ and all others )
similarly situated under 29 U.S.C. 216(b), )
                                        Plaintiff, )
    vs. )

GOLD STAR, INC.; FIRST CLASS )
PARKING SERVICES, CORP.; FIRST )
CLASS PARKING SYSTEMS LLC; )
SEBASTIAN LOPEZ; JORGE ZULUAGA )

                          Defendants. )
_____ )

**JOINT PRE-TRIAL STIPULATION**

      Pursuant to Fed.R.Civ.P. 26(a)(3) and S.D.Fla.L.R. 16.1(e), Plaintiff, JUAN ANDRES RODRIGUEZ ("Plaintiff") and Defendants, GOLD STAR, INC.; FIRST CLASS PARKING SERVICES, CORP., FIRST CLASS PARKING SYSTEMS LLC, SEBASTIAN LOPEZ and JORGE ZULUAGA (Defendants"), by and through their undersigned counsel, hereby submit their Joint Pre-Trial Stipulation, and in support thereof, state as follows:

      **1. A short concise statement of the case prepared by Plaintiff:**

Plaintiff's Statement of the Case:

      Plaintiff, Juan Andres Rodriguez worked for Defendants, Gold Star, Inc., First Class Parking Services, Corp., First Class Parking Systems, LLC, Sebastian Lopez and Jorge Zuluaga, as a parking attendant from on or about April 11, 2012 through on or about May 15, 2014 (the "relevant time period"). Plaintiff valet parked cars. Plaintiff was paid $7.90 an hour for every hour that he worked. On average, he worked 100 hours per week during the relevant time period

of which he was not paid the proper "half-time" pay pursuant to the FLSA. Plaintiff asserts that Defendants knew or should have known that Plaintiff was entitled to overtime. Plaintiff claims that he was not properly paid the "half-time" overtime rate of $3.95 for each of the overtime hours that he worked during the relevant time period.

<u>Defendants' Statement of the Case</u>

Plaintiff was an employee of First Class Parking Systems, LLC and worked as a runner; that is, Plaintiff's job was to get the cars and park them. However, and contrary to Plaintiff's claim, he did not work "more than a 100 hours per week."

Plaintiff claims that beside First Class Parking Systems, LLC, he was also an employee of Jorge Zuluaga and Sebastian Lopez. Again, contrary to Plaintiff's belief, he was only an employee of First Class Parking Systems, LLC.

During his employment, Plaintiff was paid by paycheck and daily in cash for all of the hours he worked at the proper rates required by law.

**2. A statement of the basis for federal subject matter jurisdiction.**

This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §201-219 and 28 U.S.C. § 1331.

**3. A list of all pleadings raising the issues.**

    a.  Plaintiff's Complaint [DE 1], dated March 5, 2015.

    b.  Defendants' Affirmative Defenses [DE 9]. dated March 31, 2015.

    c.  All of Plaintiff's Discovery Responses propounded.

    d.  All of Defendants' Discovery Responses propounded.

4. **A list of all pending motions.**

    a. Defendants' Motion in Limine. [DE 44].

    b. Plaintiff's Motion for Summary Judgment. [DE 41].

    c. Defendants' Motion for Summary Judgment. [DE 39].

5. **A joint statement of stipulated facts which will require no proof at trial.**

    a. Juan Andres Rodriguez was employed by First Class Parking Systems, LLC from on or about December 5, 2012 through on or about October 12, 2014.

    b. First Class Parking Systems' LLC's sales exceeded $500,000 per year during the relevant time period.

    c. First Class Parking Systems, LLC was Plaintiff's employer.

    d. Juan Andres Rodriguez was a runner and his only job was to park cars.

    e. Juan Andres Rodriguez was paid straight-time wages for all of the hours he worked.

6. **A detailed statement of contested facts that remain to be litigated at trial.**

    a. The amount of hours worked by Plaintiff in each week he was employed by Defendants during the relevant time period.

    b. Whether Plaintiff worked overtime during the relevant time period.

    c. If Defendants did not compensate Plaintiff during the relevant time period in accord with the overtime provisions of the FLSA, the amount of unpaid overtime damages due him for that period.

    d. Whether the time and pay records for Plaintiff during the relevant time period are accurate and reliable.

    e. Whether Defendants acted in good faith.

    f. Whether Defendants' actions of not paying overtime were willful.

7. **A concise statement of issues of law on which there is agreement.**

   None.

8. **A concise statement of issues of law that remain for determination by the Court.**[1]

   a. Whether Plaintiff's parking of vehicles during the course of his employment with Defendants constituted interstate commerce under the FLSA.

   b. Whether there was enterprise coverage under the FLSA as to Defendants.

   c. Whether the FLSA applies to Plaintiff's employment if there was no interstate commerce.

   d. Whether First Class Parking Systems, LLC was an enterprise covered by the FLSA.

   e. Whether the other Defendants are an enterprise for purposes of FLSA subject matter jurisdiction.

   f. Whether Defendant, Sebastian Lopez was Plaintiff's employer during the relevant time period.

   g. Whether Defendant, Jorge Zuluaga was Plaintiff's employer during the relevant time period.

   h. Whether Plaintiff was employed by Defendant, Gold Star, Inc. during the relevant time period.

   i. Whether Defendant, Gold Star, Inc.'s sales exceeded $500,000 per year during the relevant time period.

---

[1] The Parties request that they have the opportunity to amend their stipulation to accommodate any Summary Judgment order entered by this Court, to the extent that it affects the pretrial stipulation.

j.  Whether Plaintiff was employed by Defendant, First Class Parking Services Corp. during the relevant time period.

k.  Whether Defendant, First Class Parking Services Corp.'s sales exceeded $500,000 per year during the relevant time period.

l.  Whether Plaintiff has carried his burden to show that he worked "off the clock" and without overtime compensation in order to state a *prima facie* case.

m.  Whether Defendant, Gold Star, Inc. is liable for Plaintiff's overtime wages, under the FLSA.

n.  Whether Defendant, First Class Parking Services Corp. is liable for Plaintiff's overtime wages, under the FLSA.

o.  Whether Plaintiff was entitled to be paid overtime wages by Defendants when he worked during the relevant time period.

p.  If Plaintiff was not properly compensated for hours worked, what is the proper measure of compensation?

q.  Whether Anderson v. Mt. Clemens Pottery Company, 328 U.S. 680 (1946) controls this case if Defendants' time records are inaccurate or incomplete.

r.  If Plaintiff prevails, whether Defendants actions were in good faith and whether Defendants had reasonable grounds for believing that any alleged acts or omissions were not a violation of the FLSA.

s.  If Plaintiff prevails, whether he should be awarded liquidated damages in the amount of his damages.  All post trial motions will be based solely on the evidence presented at trial.

    t. If Plaintiff prevails, the amount of attorneys' fees and costs which should be awarded to Plaintiff's counsel.

    u. If Defendants prevail, the amount of costs Plaintiff is responsible to pay Defendants.

9. **Exhibit and Witness Lists:**

    a. Plaintiff's witness list is attached as **"Exhibit A."**

    b. Plaintiff's exhibit list is attached as **"Exhibit B."**

    c. Defendants' witness list is attached as **"Exhibit C."**

    d. Defendants' exhibit list is attached as **"Exhibit D."**

10. **Length of Trial:**

The Parties estimate that this will be a three (3) day jury trial.

11. **Each Party's estimate of the maximum amount of attorneys' fees properly allowable, if any.**

    a. Plaintiff's attorney's fees are estimated at $75,000 through trial and post-trial motions.

12. The parties' Joint Stipulated Proposed Jury Instructions are attached hereto as **"Exhibit E."**

13. The parties' Joint Proposed Verdict From is attached hereto as **"Exhibit F."**

**CONSENT OF COUNSEL FOR DEFENDANTS**

Pursuant to Rule 3J (3) of the Administrative Procedures of the United States District Court for the Southern District of Florida, the undersigned counsel for Plaintiff represents to the Court that counsel for Defendants has authorized her to affix their electronic signature to this Joint Pre-Trial Statement.

Respectfully Submitted,

| | |
|---|---|
| Dated: 12/31/2015 | Dated: 12/31/2015 |
| J.H. Zidell, P.A.<br>Attorney for Plaintiff<br>Steven C. Fraser, Esq.<br>300 71st Street, Suite 605<br>Miami Beach, Florida 33141<br>Tel: (305) 865-6766<br>Fax: (305) 865-7167 | Lowell J. Kuvin, Esq.<br>Law Offices of Lowell J. Kuvin, LLC<br>Attorney for Defendants<br>17 East Flagler Street, Suite 223<br>Miami, Florida 33131<br>Tel: (305) 358-6800<br>Fax: (305) 358-6808 |
| By:  /s/ Elizabeth Hueber<br>     Elizabeth Hueber<br>     Florida Bar Number 73061 | By: /s/Lowell J. Kuvin<br>     Lowell J. Kuvin<br>     Florida Bar No.: 53072 |