UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-20902-UU

| | |
|---|---|
| JUAN ANDRES RODRIGUEZ and all others<br>similarly situated under 29 U.S.C. 216(b), | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>) |
| GOLD STAR, INC.; FIRST CLASS<br>PARKING SERVICES, CORP.; FIRST<br>CLASS PARKING SYSTEMS LLC;<br>SEBASTIAN LOPEZ; JORGE ZULUAGA | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| _____ | ) |

## JOINT PROPOSED JURY INSTRUCTIONS

**\*\*ANY PROPOSED INTRUCTIONS BELOW OBJECTED TO BY DEFENDANTS AND OFFERED ONLY BY PLAINTIFF ARE *ITALICIZED*. ANY PROPOSED INTRUCTIONS BELOW OBJECTED TO BY PLAINTIFF AND OFFERED ONLY BY DEFENDANTS ARE <u>UNDERLINED</u>.**

## TO BE GIVEN AT THE BEGINNING OF THE CASE

### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply - and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" - simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did - unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence - this is also called "striking" evidence - and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

• the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

• the witness's memory;

• the witness's manner while testifying;

• any interest the witness has in the outcome of the case;

• any bias or prejudice the witness may have;

• any other evidence that contradicts the witness's testimony;

• the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

Plaintiff has filed a claim under the Fair Labor Standards Act (FLSA) for unpaid overtime. Defendants dispute Plaintiff's claim and contend that Plaintiff was properly paid his overtime and minimum wages.

**<u>Burden of proof</u>**:

Plaintiff has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Plaintiff must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Plaintiff and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiff needs to make the scales tip to him. If Plaintiff fails to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything - all the evidence, the lawyers' closing arguments, and my instructions on the law - before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair - no one else is so qualified.

<u>Taking notes:</u>

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the

testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present his witnesses and ask them questions. After Plaintiff questions the witness, Defendants, may ask the witness questions - this is called "cross-examining" the witness. Then Defendants will present [his/her/its] witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

AUTHORITY:     Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction No. 1.1 (2013).

                                    GIVEN:
                                    GIVEN AS MODIFIED:
                                    WITHDRAWN:
                                    REFUSED:

**PROPOSED INSTRUCTION NO. 2**
**Official English Translation/Interpretation**

You may hear or see languages other than English during this trial. You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know [language], you must accept the English [interpretation/translation] provided and disregard any different meaning.

AUTHORITY:    Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction No. 1.1 (2013).

                    GIVEN:
                    GIVEN AS MODIFIED:
                    WITHDRAWN:
                    REFUSED:

## TO BE GIVEN AT THE END OF THE CASE

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.  When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

**Proposed Instruction NO. 3**
**CONSIDERATION OF THE EVIDENCE DUTY TO FOLLOW**
**INSTRUCTIONS**
**(Corporate Party Involved)**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.2.2.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED INSTRUCTION NO. 4
## Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED INSTRUCTION NO. 5
## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 5
## IMPEACHMENT OF WITNESSES
### (Inconsistent Statement)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.5.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**PROPOSED JURY INSTRUCTION NO. 6**
**Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims -**
**Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.7.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 7
## FAIR LABOR STANDARDS ACT
### (29 USC Section 216)

In this case, Plaintiff Rodriguez claims that Gold Star, Inc., First Class Paking Services, Corp., First Class Parking Systems, LLC, Sebastian Lopez, and Jorge Zuluage did not pay Plaintiff the overtime pay and minimum wage pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on his claim against Defendants, Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:    Juan Andres Rodriguez was an employee of a Defendant and was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Second:   A Defendant failed to pay Juan Andres Rodriguez the overtime pay and minimum wage pay required by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

**Overtime claim:** The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by [40/the total number of hours Plaintiffs' weekly salary was intended to compensate]. To calculate how much overtime pay was owed to Plaintiff for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime rate. Defendants failed to pay Plaintiff the required overtime pay if he/it paid him less than that amount.

The amount of damages is the difference between the amount Plaintiff should have been paid and the amount he was actually paid. Under the FLSA Plaintiff is entitled to recover lost wages from the date of your verdict back to no more than two years before he filed this lawsuit on March 4, 2015 —unless you find that the employer either knew or showed reckless disregard for whether the FSLA prohibited its conduct. If you find that the employer knew or showed reckless disregard for whether the FSLA prohibited its conduct, then Plaintiffs are entitled to recover lost wages from date of your verdict back to no more than three years before he filed this lawsuit.

 **Inadequate Records:** The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Plaintiff claims that Defendants failed to keep and maintain adequate records of his hours

and pay. Plaintiff also claims that Defendants' failure to keep and maintain adequate records has made it difficult for Plaintiff to prove the exact amount of his claim.

  If you find that Defendants failed to keep adequate time and pay records for Plaintiff and that Plaintiff performed work for which he should have been paid, Plaintiff may recover a reasonable estimation of the amount of his damages. But to recover this amount, Plaintiff must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay. 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14. (MODIFIED).

<div style="margin-left:40%">

GIVEN:<br>
GIVEN AS MODIFIED:<br>
WITHDRAWN:<br>
REFUSED:

</div>

### *PROPOSED JURY INSTRUCTION NO. 8*[1]
### *RECORD KEEPING OBLIGATION OF EMPLOYER UNDER THE FLSA*

*It is the employer's responsibility of keeping records of hours worked by employees under the Fair Labor Standards Act. "Where the employer's records of work time are inaccurate or completely missing and the employee cannot offer convincing substitutes,  the employee has carried out his burden if he proves that he has in fact performed work for which he has been improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the employee may then be awarded damages even though the result be only approximate.*

*Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946).*

> *GIVEN:*
> *GIVEN AS MODIFIED:*
> *WITHDRAWN:*
> *REFUSED:*

---

[1] Defendants object to all instructions not included with the 11th Circuit Court of Appeals Pattern Jury Instructions.   Plaintiff asserts that these instructions are necessary because the Jury should be instructed at applicable and relevant law.

## *PROPOSED JURY INSTRUCTION NO. 9*
### *FURTHER RECORD KEEPING OBLIGATIONS OF EMPLOYER UNDER THE FLSA*

*Every employer shall maintain and preserve payroll or other records with respect to each employee containing the time of day and day of week on which the employee's workweek begins including the starting time and length of each employee's work period.  Such records shall include the regular hourly rate of pay for any workweek in which overtime compensation is due and shall explain the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis.*

*The records must show the hours worked each workday and the total hours worked each workweek, and must set forth the total daily or weekly earnings or wages due for hours worked during the workday or workweek.*

*29 C.F.R. 516.2 (Modified).*

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

### *PROPOSED JURY INSTRUCTION NO. 10*
*Calculation of Hourly Pay*

*"If the employee is employed solely on a weekly salary basis, his regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. If an employee is hired at a salary of $182.70 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $182.70 divided by 35 hours, or $5.22 an hour, and when he works overtime he is entitled to receive $5.22 for each of the first 40 hours and $7.83 (one and one-half times $5.22) for each hour thereafter. If an employee is hired at a salary of $220.80 for a 40–hour week his regular rate is $5.52 an hour."*

*Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1268-69 (11th Cir. 2008).*


*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
 *REFUSED:*

### *PROPOSED JURY INSTRUCTION NO. 11*
### *RIGHTS TO OVERTIME NON-WAIVABLE*

*An individual employee's rights for overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee.*

*Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728 (U.S. 1981)*

*Baker et.al. v. Barnard Construction Co. et.al., 146 F.3d 1214 (10th Cir. 1998)*

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

## *PROPOSED JURY INSTRUCTION NO. 12*
### *INSTRUCTION ON RELEASE OF CLAIMS*

*Because and an individual employee's rights for overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee, even if the Plaintiff signed a general release of claims prior to ending his employment with Defendants, such general release cannot be used by Defendants as a reason for not paying Plaintiff overtime.  Even if Plaintiff did sign such a release, such is not a justification for not paying overtime wages to Plaintiff.*

*Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728 (U.S. 1981); Baker et.al. v. Barnard Construction Co. et.al., 146 F.3d 1214 (10th Cir. 1998); Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178 (11th Cir. 1982); Schwartz v. Florida Board of Regents, et al., 807 F.2d 901 (11th Cir. 1987).*

> *GIVEN:*
> *GIVEN AS MODIFIED:*
> *WITHDRAWN:*
> *REFUSED:*

## PROPOSED JURY INSTRUCTION NO. 13

### EMPLOYEE STANDBY OR WAITING TIME

"Stand-by" time or "waiting" time is compensable under the FLSA if it is in furtherance of the employer's business objectives. "Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case."

Armour & Co. v. Wantock, 323 U.S. 126 (1944) and Skidmore v. Swift & Co., 323 U.S. 134 (1944)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

### PROPOSED JURY INSTRUCTION 14
#### (Rest Time and Meal Time)

Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

Under the Fair Labor Standards Act, bona fide meal periods are not compensable work time. A bona fide meal period ordinarily lasts 30 minutes or more. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

To qualify as bona fide meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a bona fide meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a bona fide meal period by being on-call

*with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.*

29 C.F.R. § 785.18; Bates v. Dept. of Corrections of the State of Kansas, 81 F.3d 1008, 1010-11 (10th Cir. 1996); 29 C.F.R. §785.19. McNamara, Southerland, Federal Employment Jury Instructions (2011).

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

### *PROPOSED JURY INSTRUCTION 15*
*(On-Call)*

An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call". An employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call.

*Authorities*:  29 C.F.R. §785.17

*GIVEN AS REQUESTED*        _____
*GIVEN MODIFIED*            _____
*REFUSED*                   _____
*WITHDRAWN*              _____

## *PROPOSED JURY INSTRUCTION NO. 16*

### *"WORK" DEFINED*

*"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.*

*Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123, 321 U.S. 590 (1944).*

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

## *PROPOSED JURY INSTRUCTION NO. 17*
### *EMPLOYEE PERMITTED TO WORK*

*Permitting an employee to engage in an activity is considered "work" under the FLSA.*

*29 U.S.C. 203 (e)(1)*

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED*

## *PROPOSED JURY INSTRUCTION NO. 18*
### *"COMPENSABLE TIME" INCLUSIVE*

*"Compensable time" includes far more than the time that the employee spends engaged in active labor.*

*Armour & Co. v. Wantock, 323 U.S. 126 (1944) and Skidmore v. Swift & Co., 323 U.S. 134 (1944)*

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

## *PROPOSED JURY INSTRUCTION NO. 19*

### *RECORD KEEPING REQUIREMENTS OF THE EMPLOYER*

*(a) Items required. Every employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the Act apply:*

*(1) Name in full, as used for Social Security recordkeeping purposes, and on the same record, the employee's identifying symbol or number if such is used in place of name on any time, work, or payroll records,*

*(2) Home address, including zip code,*

*(3) Date of birth, if under 19,*

*(4) Sex and occupation in which employed (sex may be indicated by use of the prefixes Mr., Mrs., Miss., or Ms.)*

*(5) Time of day and day of week on which the employee's workweek begins (or for employees employed under section 7(k) of the Act, the starting time and length of each employee's work period). If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice,*

*(6)(i) Regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the Act, (ii) explain basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis, and (iii) the amount and nature of each*

*payment which, pursuant to section 7(e) of the Act, is excluded from the "regular rate" (these records may be in the form of vouchers or other payment data),*

*(7) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays),*

*(8) Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation,*

*(9) Total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under paragraph (a)(8) of this section,*

*(10) Total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions,*

*(11) Total wages paid each pay period,*

*(12) Date of payment and the pay period covered by payment.*

*(b)  Records of retroactive payment of wages. Every employer who makes retroactive payment of wages or compensation under the supervision of the Administrator of the Wage and Hour Division pursuant to section 16(c) and/or section 17 of the Act, shall:*

*(1) Record and preserve, as an entry on the pay records, the amount of such payment to each employee, the period covered by such payment, and the date of payment.*

*(2) Prepare a report of each such payment on a receipt form provided by or authorized by the Wage and Hour Division, and (i) preserve a copy as part of the*

*records, (ii) deliver a copy to the employee, and (iii) file the original, as evidence of payment by the employer and receipt by the employee, with the Administrator or an authorized representative within 10 days after payment is made.*
*29 CFR 516.2 (A) AND (B) MODIFIED AS TO (A)(4)*

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
 *REFUSED:*

## *PROPOSED JURY INSTRUCTION NO. 20*
## *"EMPLOYER" DEFINED BROADLY UNDER THE FLSA*

Under the Fair Labor Standards Act, the term "Employer" is defined more broadly than the term would be interpreted in traditional common law application in order to meet the remedial purposes behind the Fair Labor Standards Act.

*Falk v. Brennan, 414 U.S. 190 (1973).*
*McLaughlin v. Seafood, Inc., 867 F.2d 875 (5th Cir. 1989)*
*Dole v. Elliot Travel & Tours, Inc., 942 F.2d 962 (6th Cir. 1991).*

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## *PROPOSED INSTRUCTION NO. 21*
### *SEVERAL EMPLOYERS*

*Several employers may be liable for an employee's overtime wages under the Fair Labor Standards Act.*

*Dole v. Elliot Travel & Tours, Inc., 942 F.2d 962 (6th Cir. 1991).*

<div style="text-align:right">

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

</div>

## *INSTRUCTION NO. 22*

### *INDIRECT EMPLOYER DEFINED*

*Any person who acts indirectly in the interest of Plaintiff's employer(s) in relation to the Plaintiff for the relevant time period by paying Plaintiff's wages and/or directing Plaintiff's work is considered to be an employer under the Fair Labor Standards Act.*

*29 U.S.C. 203 (d)*

> *GIVEN:*
> *GIVEN AS MODIFIED:*
> *WITHDRAWN:*
> *REFUSED:*

### *INSTRUCTION NO. 23*

### *OPERATIONAL CONTROL BY A CORPORATE OFFICER*

*Operational control by a Corporate Officer over a corporation's covered enterprise makes both the owner and the corporation jointly and severally liable for overtime wages under the Fair Labor Standards Act. You must make a determination as to whether the evidence demonstrates that Defendants Sebastian Lopez and Jorge Zuluaga exercised sufficient operational control to be liable individually if the corporate Defendants are found liable.*

*Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962 (6th Cir. 1991).*

> *GIVEN:*
> *GIVEN AS MODIFIED:*
> *WITHDRAWN:*
> *REFUSED:*

### PROPOSED INSTRUCTION NO. 24
### ADDITIONAL INDIVIDUAL LIABILITY INSTRUCTION

*Personal liability may arise from significant ownership interest coupled with operational control.  Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control.  You must make a determination as to whether the evidence demonstrates that Defendants Sebastian Lopez and Jorge Zuluaga shall also be liable individually if the corporate Defendant is found liable.*

*Donovan v. Agnew, 712 F.2d 1509, 1514 (1*st *Cir. 1983);*
*Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2*nd *Cir. 1999), quoting,*
*Donovan v. Janitorial Servs, Inc., 672 F.2d 528, 531 (5*th *Cir. 1982).*
*Olivas v. A Little Havana Check Cash, Inc., 324 Fed. Appx. 839, 846 (11th Cir.*
*Fla. 2009).*

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

**<u>INSTRUCTION NO. 25</u>**
**DUTY TO DELIBERATE**
**WHEN PLAINTIFF CLAIMS DAMAGES**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 7.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**INSTRUCTION NO. 26**
**ELECTION OF FOREPERSON**
**EXPLANATION OF VERDICT FORM(S)**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 8.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED: