UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-20902-OTAZO-REYES

[CONSENT CASE]

JUAN ANDRES RODRIGUEZ and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                                    )
                   Plaintiff, )
    vs. )
                                                                    )
GOLD STAR, INC. )
FIRST CLASS PARKING SERVICES, )
CORP., )
FIRST CLASS PARKING SYSTEMS LLC, )
SEBASTIAN LOPEZ, )
JORGE ZULUAGA, )
                                                                    )
                  Defendants. )
_____ )

**PLAINTIFF'S REPLY TO [DE78]**

      **COMES NOW** the Plaintiff, by and through counsel, and hereby Replies to [DE78] and in support thereof states as follows:

**INTRODUCTION**

    1. Plaintiff moved this Court for reconsideration of [DE75] as to the Court's ruling upon the showing of the third ground for a motion for reconsideration, the need to correct clear error or manifest injustice.[1] Upon further examination of controlling law, the Court erred in its analysis

---

[1] A motion *for reconsideration* may be granted upon the showing of one of three grounds: namely, "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lewis v. Michaels Stores, Inc., 2007 U.S. Dist. LEXIS 82700 (M.D. Fla. Nov. 7, 2007* (citations omitted).

of FLSA coverage and erroneously found that enterprise jurisdiction does not exist under the FLSA in this case.

2. The Corporate Defendant is a valet parking company and Plaintiff worked for Defendants as a valet parker/runner and, during the relevant time period, Plaintiff would get the cars for Defendants' customers, take it to the parking area, park it, leave the keys with the girl and continue doing that constantly. [DE39-3 at 7].

3. "Since its original enactment in 1938 Congress has amended the FLSA three time, each time enlarging the number of entities subject to coverage under the Act. *See Dunlop v. Indus. Am. Corp.*, 516 F.2d 498, 500–02 (5th Cir.1975)." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010).[2]

4. Defendants attempt to confuse the interstate requirement for individual coverage with the interstate requirement for enterprise coverage. Said issue was specifically dealt with in the seminal case of *Polycarpe*, 616 F.3d 1217 (11th Cir. 2010) whereby the Eleventh Circuit expressly explained the handling clause, "stating that we imagine that, where a restaurant uses interstate cooking equipment as an article to perform its commercial activity of serving food, the restaurant is engaged with "materials" that will subject the business to FLSA coverage." Id at 1225. Therefore, pursuant to Eleventh Circuits interpretation of the handling clause in *Polycarpe*, the material used by Plaintiff and other employees (i.e. Mercedes, Mazdas, Nissans, Hondas, Toyotas, and BMWs, with licenses from states other than Florida) had travelled through

---

[2] The amendment to the Act which added the "handling clause" allowed the FLSA potentially to reach retail and service businesses that were otherwise locally focused. *See Dunlop*, 516 F.2d at 501; *Polycarpe*, 616 F.3d 1217, 1220 (11th Cir. 2010). *Saucedo v. Phoenix Auto Sales, Inc.,* Case No. 08-cv-21156-Altonaga/Brown (S.D. Fla. 1/5/09) was not one of the six cases from Florida that was the focus of the review in *Polycarpe.*

interstate commerce thereby subjecting Defendant corporations to enterprise coverage under the FLSA.

5. Defendants have failed to produce an iota of evidence that would contradict Plaintiff's assertions that the materials used by Plaintiff and the other employees originated/manufactured/produced from outside the state of Florida and, therefore, failed to provide any evidence to rebut Plaintiff's testimony.

6. Despite Defendants' contentions, Plaintiff adequately demonstrated under the applicable standard that Plaintiff's handling of automobiles as a valet for Defendants' that moved in interstate commerce is sufficient to meet the applicable standard that Plaintiff was engaged in commerce or Defendants "had employees[3] handling, selling, or otherwise working on good or materials that have been moved in or produced for commerce by any person."

7. At the very least, Plaintiff demonstrated a question of material fact to present to the Jury so as to pass the summary judgment stage as Plaintiff provided evidence showing that the items (i.e. vehicles) came from outside of Florida (i.e. foreign plates on the vehicles, vehicles that were manufactures/produced outside the state of Florida, etc.) and, therefore, Defendants were a covered enterprise and subject to the Act. Defendants' business provided a service using vehicles as part of its "commercial operations" and is, thus, intended for those kinds of items to be viewed as "materials" under the Act.[4]

8. Therefore, Plaintiff respectfully requests reconsideration of [DE75] as to the Court's

---

[3] It is undisputed that Defendants had two or more employees regularly parked customers' cars during the relevant time period. *See* Cross-Motions for Summary Judgment.

[4] *Polycarpe* notes that it is a herculean effort to distinguish between the terms "materials" and "goods" as set forth in the Act.

ruling as enterprise jurisdiction exists under the FLSA in this case. In the alternative, Plaintiff respectfully requests discovery be reopened for the limited purpose of conducting discovery relevant to where the vehicles were manufactured and/or produced.[5]

## MEMORANDUM OF LAW

Plaintiff reincorporates all law and fact as set forth in its Motion [DE77]. Plaintiff has carried his burden of showing that Defendants, whose employees were "handling" (i.e. parking, driving, etc.) automobiles as valets for Defendants, had employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and, therefore, Defendants have employees engaged in commerce as defined by the Act. Thus, the Court erred in its analysis of FLSA coverage, specifically the interstate commerce prong, and erred in its ruling on the Parties Cross-Motions for Summary Judgment.[6] Specifically, Plaintiff's regularly handling of automobiles as a valet for Defendants that moved prior in interstate

---

[5] It is uncontested that these automobiles were made out of Florida – this was not an issue for Summary Judgment.

[6] The automobiles that Defendants' employees "handled" (i.e. drove, parked, etc.) were a mixture of foreign and domestic cars with foreign manufactured and produced both inside and outside the State of Florida and carry domestic and foreign license plates. This is uncontested. Plaintiff herein requests that the Court take judicial notice of the fact that foreign automobiles are not produced in Florida and that cars carrying foreign license plates are obviously travelling inside and outside the State of Florida (traveled in interstate commerce to arrive at Defendants' place of business). *See also Saucedo v. Phoenix Auto Sales, Inc.,* Case No. 08-cv-21156-Altonaga/Brown [DE54, FN5] (S.D. Fla. 1/5/09) ("Defendants claim Plaintiffs have failed to establish the automobiles sold by Phoenix moved in interstate commerce. As noted, Robert Norris stated Phoenix carried a mixture of foreign and domestic cars. (*See Pl. Mat. Facts* at 3 (citing *Dep. of R. Norris)*)). Plaintiffs ask the Court to take judicial notice of the fact that foreign automobiles are not produced in Florida and attached a print-out from the Toyota website to support this proposition. It is safe to assume vehicles sold at Phoenix were produced outside Florida and traveled in interstate commerce to get there.). Exhibit "A." In the alternative, in the case at bar, should the Court find that there is insufficient information in the record demonstrating the vehicles Defendants' employees were driving and parking were not produced outside of Florida, Plaintiff respectfully requests discovery be re-opened for the limited purpose of conducting discovery relevant to same.

commerce is sufficient to meet the applicable standard that Defendants "had employees handling, selling, or otherwise working on good or materials that have been moved in or produced for commerce by any person." Therefore, there is a need to correct clear error or manifest injustice.

The Eleventh Circuit held that whether an item constitutes a material will depend on two factors "1) whether, in the context of its use, the item fits within the ordinary definition of "materials" under the FLSA and 2) whether the item is being used commercially in the employer's business." *Polycarpe*[7], 616 F.3d 1217, 1225-1226 (11th Cir. 2010). In determining whether an item falls within the definition of materials of the Fair Labor Standards Act, the Eleventh Circuit stated:

> First, whether an item counts as "materials" depends on whether the item is serving as a material in context. As we just discussed, to count as "materials," an item must fall within that word's ordinary meaning within the FLSA handling-clause context: as tools or other articles necessary for doing or making something. Depending on how they are used, china dinner plates that are produced out of state, for instance, could count as either "goods" or "materials." Where a catering business uses the china plates at a client's banquet, the plates count as part of the "materials" necessary for serving a catered meal. But, where a department store sells the same china plates as stand-alone items, the plates count as "goods" for that retailer.
>
> Second, for an item to count as "materials" it must have a significant connection with the employer's commercial activity; the business may not just somehow internally and incidentally consume the item. This requirement is compelled because the statute covers not all "goods" and "materials," but only "goods" and "materials" that a company is engaged in "handling, selling, or otherwise working on." 29 U.S.C. § 203(s)(1)(A)(i).

---

[7] *Saucedo v. Phoenix Auto Sales, Inc.,* Case No. 08-cv-21156-Altonaga/Brown (S.D. Fla. 1/5/09) was not one of the six cases from Florida consolidated for appeal and overruled in *Polycarpe.*

*Id.* In the case at hand, each item cited to in Plaintiff's Motion for Summary Judgment (i.e. Mercedes, Mazdas, Nissans, Hondas, Toyotas, and BMWs, with licenses from states other than Florida) are materials used by Plaintiff that have a significant connection with the employer's commercial activity (and from which Defendants' generate income). The Corporate Defendant is a valet parking company and Plaintiff was hired for the exact purpose of valet parking/running Defendants' customers' vehicles. As part of Plaintiff's duties he was required to get the cars (i.e. Mercedes, Mazdas, Nissans, Hondas, Toyotas, and BMWs), which had foreign license plates and which were manufactured/produced outside the state of Florida, for Defendants' customers, take it to the parking area, park it, leave the keys with the girl and continue doing that constantly. [DE39-3 at 7]). Therefore, under the applicable standard, Plaintiff was engaged in handling materials that had travelled through interstate commerce, during the course of his employment with Defendants.

> Returning to our example of china dinner plates that are produced out of state, for a caterer that uses the china plates while providing catering services, the plates count as "materials" because they have a significant connection to the business's commercial activity of catering. But for an accounting firm that uses the same china plates as objects of decoration mounted on its lobby wall, the china plates cannot count as "materials" because the plates have no significant connection to the business's accounting work.

*Polycarpe*, 616 F.3d 1217, 1226 (11th Cir. 2010). The Mercedes, Mazdas, Nissans, Hondas, Toyotas, and BMWs, in the present case, should be compared to the china plates that were manufactured out of state and should therefore be construed as materials "because they have a significant connection to the business's commercial activity of" valet parking, the business the Defendant corporation was engaged in. As such, Plaintiff was engaged in interstate commerce for the purpose of the handling clause as the materials that Plaintiff handled on a regular basis originated from a source outside the State of Florida.

Defendants requested that the Court use a more narrow interpretation of interstate commerce (coming to rest doctrine) as set forth in *Thorne v. All Restoration Servs., Inc.* 448 F.3d 1264 (11th Cir. 2006), *Jimenez v. Southern Parking, Inc.,* 2008 WL 4279618 (S.D. Fla. Sept. 16, 2008), *Mendoza v. Detail Solutions, LLC,* 911 F.Supp.2d 433 (N.D. Tex. 2012), and *Jacobs v. Dolanlil, Inc.,* 2010 WL 1730807 (M.D.Fla. April 12, 2010). However, each of these cases were individual coverage cases and not enterprise coverage cases. As the Eleventh Circuit stated:

> In *Vallecillo v. Wall to Wall Residence Repairs, Inc.,* Defendants had employees making home repairs using items, including paint, tape, and coarse drywall screws, evidenced to have been produced in or moved interstate. The district court mistakenly relied on the "coming to rest" doctrine to conclude that Defendant was not subject to enterprise coverage under the FLSA because all of the commercial items that Plaintiff employees used were purchased locally.

However, unlike in *Thorne, Jimenez, Mendoza,* and *Jacobs,* Defendants in the present case grossed over $500,000 annually. As such, Plaintiff has alleged that the Defendant Corporation is an enterprise covered under the Fair Labor Standards Act. However, in the above-mentioned cases the Court analyzed each case based on individual coverage as there was no evidence that the corporation had grossed $500,000. As such, these cases are clearly distinguishable from the *Polycarpe* decision and the facts in the present case. The facts in the present case establish that the Defendant Corporation grossed over $500,000 annually that the materials handled by Plaintiff originated from a source outside the State of Florida.

**WHEREFORE**, PLAINTIFF RESPECTFULLY REQUESTS RECONSIDERATION OF [DE75] AS PLAINTIFF IS COVERED BY THE FLSA UNDER THE ENTERPRISE COVERAGE PRONG. IN THE ALTERNATIVE, PLAINTIFF RESPECTFULLY REQUESTS DISCOVERY BE REOPENED FOR THE LIMITED PURPOSE OF CONDUCTING

DISCOVERY RELEVANT TO WHERE THE VEHICLES WERE MANUFACTURED AND/OR PRODUCED.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 3/21/16 TO:**

**LOWELL J. KUVIN, ESQ.
LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET, SUITE 223
MIAMI, FL 33131
PH. 305-358-6800
FAX: 305-358-6808
EMAIL: LOWELL@KUVINLAW.COM**

**BY:_____/s/ Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.**