# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 15-20902-CIV-OTAZO-REYES

### CONSENT CASE

JUAN ANDRES RODRIGUEZ and all others
similarly situated under 29 U.S.C. 216(b),

      Plaintiff,

v.

GOLD STAR, INC.,
FIRST CLASS PARKING SERVICES, CORP.,
FIRST CLASS PARKING SYSTEMS LLC,
SEBASTIAN LOPEZ, and
JORGE ZULUAGA,

      Defendants.

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court pursuant to Plaintiff Juan Andres Rodriguez's ("Plaintiff") Motion for Reconsideration Regarding [D.E. 75] (hereafter, "Motion for Reconsideration") [D.E. 77]. For the reasons stated below, the Court denies Plaintiff's Motion for Reconsideration.

On March 4, 2015, Plaintiff initiated this action pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-216, asserting a single claim for unpaid overtime wages against Defendants Gold Star, Inc., First Class Parking Services, Corp., First Class Parking Systems LLC, Sebastian Lopez, and Jorge Zuluaga's (collectively, "Defendants") [D.E. 1]. On November 6, 2015, the parties filed cross motions for summary judgment [D.E. 39, 41].

On March 2, 2016, the Court ruled on the cross-motions for summary judgment, granting Defendants' motion and denying Plaintiff's motion. See Order on Cross-Motions for Summary Judgment [D.E. 75]. The Court found that Plaintiff did not carry his burden of establishing that

he was covered by the FLSA under its individual coverage prong or enterprise coverage prong. Id.  Plaintiff now asks the Court to reconsider its findings regarding the enterprise coverage prong or, alternatively, to re-open limited discovery.

"[A] motion for reconsideration should only be granted if there is (1) an intervening change in controlling law, (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice." Insured Deposits Conduit, LLC v. Index Powered Fin. Servs., LLC, No. 07-22735-CIV, 2008 WL 5691349, at *2 (S.D. Fla. Mar. 14, 2008) (citing Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)).  Plaintiff's Motion for Reconsideration does not satisfy any of these three conditions.

With regard to Plaintiff's alternative request to re-open limited discovery, Plaintiff had sufficient opportunity to seek discovery prior to entry of summary judgment, under Federal Rule of Civil Procedure 56(d) (hereafter, "Rule 56(d)").  Pursuant to Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d).  However, as Plaintiff did not avail himself of Rule 56(d)'s discovery provision, he may not seek discovery in a post-judgment motion for reconsideration. Therefore, it is

ORDERED AND ADJUDGED that the Motion for Reconsideration [D.E. 77] is DENIED.

DONE AND ORDERED in Chambers in Miami, Florida, on this 31st day of March, 2016.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record