UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 15-20902-CIV-OTAZO-REYES

**CONSENT CASE**

JUAN ANDRES RODRIGUEZ and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

GOLD STAR, INC.,
FIRST CLASS PARKING SERVICES, CORP.,
FIRST CLASS PARKING SYSTEMS LLC,
SEBASTIAN LOPEZ, and
JORGE ZULUAGA,

    Defendants.
_____/

**ORDER**

THIS CAUSE came before the Court upon Defendants Gold Star, Inc., First Class Parking Services, Corp., First Class Parking Systems LLC, Sebastian Lopez, and Jorge Zuluaga's ("Defendants") Motion for Costs and Attached Bill of Costs (hereafter, "Motion for Costs") [D.E. 85]. For the reasons stated below, Defendants' Motion for Costs is GRANTED IN PART.

**PROCEDURAL BACKGROUND**

On March 4, 2015, Plaintiff Juan Andres Rodriguez ("Plaintiff") initiated this action, alleging that Defendants violated the overtime-wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 [D.E. 1]. On November 6, 2015, Defendants and Plaintiff filed their respective Motions for Summary Final Judgment [D.E. 39, 41]. On March 2, 2016, the Court granted Defendants' Motion for Summary Final Judgment and denied Plaintiff's Motion for Summary Final Judgment. See Order on Cross-Motions for Summary Judgment [D.E. 75 at 9-

10]. The Court then entered final judgment in favor of Defendants and against Plaintiff. See Final Judgment [D.E. 76].

On March 4, 2016, Plaintiff moved for reconsideration of the Court's Order on Cross-Motions for Summary Judgment, which the Court denied on March 31, 2016. See Plaintiff's Motion for Reconsideration [D.E. 77]; Order Denying Motion for Reconsideration [D.E. 80]. On April 4, 2016, Plaintiff filed a notice of appeal on the Court's Order on Cross-Motions for Summary Judgment, Final Judgment, and Order Denying Motion for Reconsideration. See Plaintiff's Notice of Appeal [D.E. 82].

On May 3, 2016, Defendants filed their Motion for Costs seeking $1,630.00 in costs for an independent contractor to scan and organize trial exhibits and production of documents; $1,301.70 in deposition expenses; and $32.74 in copying costs, for a total of $2,964.44. See Motion for Costs [D.E. 85; 85-1].

## STANDARD OF REVIEW

Pursuant to Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001) ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524. "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). Generally, "the litigant in whose favor judgment is rendered is the prevailing party for purposes of [R]ule 54(d)." Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995). Title 28, United States Code, Section 1920 (hereafter, "Section 1920"), "enumerates expenses that a federal court may

2

tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute. Crawford Fitting, 482 U.S. at 445.

## DISCUSSION

Plaintiff does not oppose the $1,301.70 in deposition expenses or the $32.74 in copying costs. See Plaintiff's Response [D.E. 87 at 1]. However, Plaintiff challenges the $1,630.00 in costs for scanning and organizing trial exhibits and production of documents. Id. Defendants contend that these costs are taxable under Section 1920(4) as copying costs. See Defendants' Reply [D.E. 88 at 1-3].

"The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case." Tiara Condo. Ass'n v. Marsh USA, Inc., 697 F. Supp. 2d 1349, 1372 (S.D. Fla. 2010). "While it may be that section 1920(4) has been amended to permit taxation of electronic copies, the fact remains that the language of the amended section still requires that the copies necessarily be obtained for use in the case." Powell v. Home Depot, U.S.A., Inc., No. 07-80435-CIV, 2010 WL 4116488, at *19 (S.D. Fla. Sept. 14, 2010), report and

3

recommendation adopted, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010). To meet this burden, the moving party "must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case." Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), aff'd, 998 F.2d 1023 (11th Cir. 1993). Further, "copies obtained only for the convenience of counsel are not recoverable." Home Depot, U.S.A., Inc., 2010 WL 4116488, at *15.

In their Reply, Defendants explain that they hired an independent contractor to scan and organize documents, for which they paid the independent contractor $1,630.00 (hereafter, "Contractor Costs"). See Defendants' Reply [D.E. 88 at 3]. These costs do not fall within the ambit of Section 1920(4). Additionally, the only evidence provided by Defendants in support of their Contractor Costs was a copy of two checks, each made payable to "Christine Sotomayor," purportedly the independent contractor. See Motion for Costs [D.E. 85-1 at 2-3]. The checks provided no information "showing the nature of the documents copied." Helms, 808 F. Supp. at 1570. Defendants have therefore failed to meet their "burden of showing that the copies were necessarily obtained for use in the case." Tiara Condo. Ass'n, 697 F. Supp. 2d at 1372. Thus, the $1,630.00 in Contractor Costs is not recoverable by Defendants. See Powell v. Carey Int'l, Inc., 548 F. Supp. 2d 1351, 1361 (S.D. Fla. 2008) ("Without any substantiation for the copying fees, the Court has no basis upon which to conclude how much is recoverable, and therefore, could reasonably deny Plaintiffs all photocopying costs."); see also Home Depot, U.S.A., 2010 WL 4116488, at *15 ("Where the movant has failed to itemize copies necessarily obtained for use in the case and those that were made for their own convenience, an award of costs may be denied.").

Plaintiff also argues that any cost award should be delayed in light of his pending appeal to the Eleventh Circuit, relying on Kaw v. Sch. Bd. of Hillsborough Cty., Fla., No. 8:07-cv-2222-

4

T-33TGW, 2010 WL 2293193 (M.D. Fla. June 8, 2010). See Plaintiff's Response [D.E. 87 at 2]. In Kaw, the court stayed enforcement of defendant's $10,846.58 bill of cost for two reasons: (1) resolving plaintiff's objections to the bill of costs, and awarding costs to defendants, during plaintiff's appeal would have been a waste of judicial resources; and (2) there existed a "great financial disparity between the parties," one, a teacher, the other, a school district. See Kaw, 2010 WL 2293193, at *1. Regarding judicial resources, the Court has already addressed Plaintiff's objections, thus staying this cause would not affect the expenditure of judicial resources. Regarding financial disparity, the Court finds that the financial disparity between the teacher and the school district in Kaw, to be far greater than the financial disparity between Plaintiff and Defendants. Further, in Kaw, the defendant sought $10,846.58 in costs, which is approximately eight times the amount that Defendants shall recover in this case. Therefore, Kaw provides no support for Plaintiff.

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that the Motion for Costs is GRANTED IN PART. Defendants are awarded $1,301.70 in deposition expenses and $32.74 in copy costs, for a total of **$1,334.44** in costs in this action.

DONE AND ORDERED in Chambers at Miami, Florida this 27th day of July, 2016.

                                                ALICIA M. OTAZO-REYES
                                                UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record